IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40635
Summary Calendar
_____

EDWIN WAYNE GARDENHIRE,

Plaintiff-Appellee,

versus

JOE MAX TAYLOR, SHERIFF, Individually
and in his official capacity,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-18
- - - - - - - - - -

March 4, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This Court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). In this civil rights case, defendant, Sheriff Joe Max Taylor, has filed a notice of appeal from an order of the district court granting in part and denying in part the motion to dismiss the complaint filed by Galveston County and Sheriff Taylor. The motion was granted as to claims against Sheriff Taylor in his official capacity; it was denied as to claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against Sheriff Taylor in his individual capacity and as to claims against Galveston County.

Federal appellate courts have jurisdiction over appeals only from (1) final orders, 28 U.S.C. § 1291; (2) orders that are deemed final due to jurisprudential exception or which can be properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or which can be properly certified for appeal by the district court, 28 U.S.C. § 1292(b).  See Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988); Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).  Sheriff Taylor's motion in the district court was not based on qualified immunity, nor did the district court's order and judgment contain a ruling on qualified immunity.  As a result, the district court's partial final judgment is not an appealable interlocutory order.  See Mitchell v. Forsyth, 472 U.S. 511, 530 (1975).  We are therefore without jurisdiction to entertain this appeal.

APPEAL DISMISSED.